### In re DISBARMENT OF BURNS.

No. 13422—Opinion Filed May 1, 1923.

Rehearing Denied May 22, 1923.

(Syllabus.)

**1. Attorney and Client—Disbarment—Misappropriation of Client's Funds.**

The wrongful and willful appropriation of the funds of a client constitutes a willful violation· of the duty of an attorney or counselor, and is sufficient ground for the revocation of license to practice law.

**2. Same—Sufficiency of Evidence.**

The report of the referee and record examined, and held to contain sufficient evidence to support the finding of fact of the referee.

Proceedings by the State Bar Commission, on the relation of Emmett Buckley, for the disbarment of J. W. Burns. Respondent disbarred.

Warren K. Snyder, for proponent.

S. P. Freeling and J. I. Howard, for respondent.

COCHRAN, J. This proceeding was instituted for the disbarment of J. W. Burns, and Hon. R. J. Ray was appointed referee with authority to compel the attendance of witnesses, to take testimony, and report the testimony, together with findings of fact and conclusions of law, to the Supreme Court.

The matter is now before the court upon motion to confirm report of the referee and exceptions of the said J. W. Burns thereto. The referee reported on 14 specific charges, and as to seven of the charges found that the same were not sustained by the proof, and, in view of our holding as to the other charges, we shall not examine the charges which were not sustained by the referee.

The findings of the referee on the other charges are reported under the following heads: The Meisberger Case, the Gingrich Case, the Garrett Case, the Obverbay Case, the McCarthy Case, the Weeks Case, and the Nutty Case. In each of them the referee found that the said J. W. Burns had wrongfully appropriated money belonging to his client to his own use, and concluded that there was a willful violation of his duties as an attorney at law. The findings of the referee are so lengthy that we shall not attempt to incorporate the same in this opinion. In the Meisberger Case, the Garrett Case, the Obverbay Case, and the Weeks Case the testimony shows beyond any question a wrongful appropriation of the funds of the clients. In these cases, statements of the attorney himself are sufficient to justify the findings of the referee without considering the testimony of any of the other witnesses. As to each of the other cases, there is sufficient testimony upon which the findings of the referee can be sustained, but in those cases the respondent has furnished somewhat satisfactory explanations, which would be given a great deal more weight were it not for the fact that in the other cases which we have mentioned no excuse whatever for the misconduct has been offered.

This court in the case of In re Sitton, 72 Oklahoma, 177 Pac. 555, said:

"Disbarment means professional excommunication and death, and should be resorted to only when it is apparent that the interest of the community, the integrity of the courts, or the honor of the profession imperatively demands it."

In the same case, the court also said:

"The lawyer's life must be one of fidelity and stern integrity. There is no place at the bar for the unscrupulous, and the cheeks of the lawyer, who besmirches his profession, should be made to burn with shame."

In the instant case, the findings of the referee show a willful violation of the du-

ties of an attorney, not in one case but in any instances, and we have concluded that these findings in several instances are supported even by the testimony of the respondent himself, and under such circumstances it is our opinion that the report of the referee should be adopted and approved, and it is so ordered, and the license to practice law heretofore issued to J. W. Burns be and the same is hereby revoked, and the said J. W. Burns shall be hereby disbarred and prevented from practicing law in the state of Oklahoma.

JOHNSON, C. J., and McNEILL, NICHOLSON, BRANSON, and MASON, JJ., concur.